**Li Fang CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[2] Respondents.**

**Docket No. 03–4228–AG.**

United States Court of Appeals,
Second Circuit.

Aug. 30, 2005.

---

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Gary L. Hayward, Assistant United States, Attorney, for Matthew G. Whitaker, United States Attorney for the Southern District of Iowa, Des Moines, Iowa, for Respondents.

Present: CALABRESI, RAGGI, Circuit Judges, and MURTHA, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the January 28, 2003 order of the Board of Immigration Appeals denying petitioner's motion for reconsideration is hereby DENIED.

Petitioner Li Fang Chen, a Chinese national, petitions for review of the January 28, 2003 order of the Board of Immigration Appeals ("BIA") denying her motion for reconsideration of the BIA's November 23, 2002 order summarily affirming the decision of an Immigration Judge ("IJ") to deny Chen's application for asylum, withholding of deportation, and relief pursuant to the Convention Against Torture. Chen did not petition this court for review of the November 2002 final agency action within the time specified in 8 U.S.C. § 1105a(a)(1) (repealed 1996).[3] Accordingly, we here consider only her petition for review of the January 2003 denial of reconsideration. *See Ke Zhen Zhao v. United States Dep't*

of Justice, 265 F.3d 83, 89 (2d Cir.2001); *see also Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). We assume the parties' familiarity with the facts and record of proceedings, which we reference only as necessary to explain our decision.

We review the BIA's denial of a motion for reconsideration only for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). In applying that standard to this case, we preliminarily note that the BIA employed only summary boilerplate language in denying Chen's reconsideration motion. After identifying 8 C.F.R. § 3.2 (now recodified at 8 C.F.R. § 1003.2) as the applicable regulation, the Board stated that it had "considered [Chen's] arguments in her motion but [found] that reconsideration of our November 13, 2002 decision is not warranted," offering no explanation for this conclusion. More than a decade ago, in reviewing a BIA decision to reopen, we cautioned the Board that "cursory, summary or conclusory statements" of denial would compel us to presume an abuse of discretion. *Anderson v. McElroy,* 953 F.2d 803, 806 (2d Cir.1992); *see also Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d at 93 (explaining that BIA abuses discretion when decision is "devoid of any reasoning, or contains only summary or conclusory statements"). The same logic pertains to motions for reconsideration.

We do not pursue this concern further, however, because Chen does not challenge this defect in the BIA order or otherwise contend that the Board's failure to detail its reasons for denying reconsideration it-

---

1. The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

3. Because Chen's deportation proceedings commenced before April 1, 1997, and the final order in her case was issued after October 30, 1996, our review is governed by 8

U.S.C. § 1105a(a)(1) pursuant to the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, § 309(c)(1), 110 Stat. 3009, 3009–546, 3009–625. *See Medina v. Gonzales,* 404 F.3d 628, 633 n. 3 (2d Cir. 2005).

self demonstrates an abuse of discretion. As a rule we will not address issues not raised by a party unless doing so is necessary to avoid manifest injustice. *See United States v. Babwah,* 972 F.2d 30, 34–35 (2d Cir.1992) (citing Fed. R.App. P. 2). Neither Chen nor the record suggests that the BIA's failure to reconsider gave rise to such injustice.

Accordingly, because Chen raises no challenge to the summary nature of the BIA's order, and because we have no basis for ignoring her waiver of the issue, the petition for review of the BIA's January 28, 2003 order denying reconsideration is hereby DENIED.